## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEG INVESTMENTS, LLC**
**1123 H Street NE**
**Washington DC 20002**
**(202) 398-2655**

**Plaintiff**

**v.**

**NICHOLAS SALVATORE ALBERTI**
**1330 North Carolina Avenue NE**
**Washington DC 20002-6424,**

**DONALD CORTES BROOKS**
**1834 Belmont Road NW Apt 402**
**Washington DC 20009-5162,**

**HERMAN ODELL JONES**
**169 Chesapeake Street SW**
**Washington DC 20032-1322,**

**CALVIN THOMAS NOPHLIN**
**1441 35th Street SE**
**Washington DC 20020-2321,**

**MIKE SILVERSTEIN**
**1301 20th Street NW Apt 705**
**Washington DC 20036-6042,**

**and**

**RUTHANNE MILLER**
**3305 35th Street NW**
**Washington DC 20016-3141,**

**Defendants**

**Case Number:**

**1:13-cv-182**

## **COMPLAINT**

The Plaintiff hereby makes this Complaint for monetary damages under the Racketeer Influenced and Corrupt Organizations Act, the Hobbs Act, 42 U.S.C § 1983 and 42 U.S.C. § 1985.

## PARTIES

1.      The Plaintiff is a company conducting business in the District of Columbia regulated by the District of Columbia's Alcoholic Beverage Regulation Administration (ABRA).

2.      Each of the Defendants is a natural person sued in their individual and personal capacities.

3.       Non-parties Hickson, Fitzgerald and Hedgecock are "member[s] of the Metropolitan Police Department" as that term is employed by the Omnibus Police Reform Amendment Act of 2000.  D.C. ACT 13-334, Sec. 302 (a)(2).

## JURISDICTION AND VENUE

4.      Each of the events complained of herein occurred within the District of Columbia.

5.      The Plaintiff brings this action under, *inter alia*, 18 U.S.C. § 1964 (c) for being injured in its business and property by reason of violations of 18 U.S.C. § 1962.

6.      Under 18 U.S.C. § 1964 (c), the United States District Court shall have original jurisdiction of any civil action arising from the subsection.

7.      The Plaintiff offers additional causes of action arising under 42 U.S.C. § 1983 for being subjected to a deprivation of its rights, privileges, and/or immunities

secured by the Constitution and applicable law, by persons acting under color of the authority of the government of the District of Columbia.

8.      Under 28 U.S.C. § 1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 42 U.S.C. § 1983.

9.      The Plaintiff asks this Court to declare its rights and other legal relations.

10.     Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

11.     The Plaintiff's allegations together demonstrate a pattern of racketeering activity necessary for relief under 18 U.S.C. § 1964 (c), including the perpetration of fraudulent activities on more than one victim, while following the same *modus operandi* and incorporating the same substantive misrepresentations.  Factual allegations of fraudulent activities against other victims but not necessarily a part of the alleged unlawful conduct perpetrated against the Plaintiff are described herein.


## REGULATORY HISTORY

### 2000 Legislation

12.     As part of the Omnibus Police Reform Amendment Act of 2000, the District of Columbia City Council prohibited a long standing practice of permitting off-duty Metropolitan Police Department (MPD) Officers from being employed by ABRA-regulated establishments.  D.C. ACT 13-334, Title III.  47 D.C. REG. 4628.

> No member [of MPD] may engage in outside employment, including police-related outside employment, for any person, firm, or corporation that conducts

business in any commercial establishment, the primary purpose of which is the sale of alcoholic beverages, including taverns, nightclubs and brew pubs…

*Id.*, Sec. 302 (c).

Off-duty or outside employment by members of the Metropolitan Police Department in private businesses requires strict regulation to prevent conflicts of interest and to ensure that off-duty or outside employment does not interfere with the members' performance of their police duties.

*Id.*, Sec. 302 (a), 47 D.C. REG. 4629.

13.     The 2000 legislation further prohibited MPD officers from soliciting off-duty employment for other officers.

There is a widespread practice of members of the Metropolitan Police Department acting as referral agents and third-party employers for other members of the Metropolitan Police Department in violation of Metropolitan Police Department General Order 201.17 and subsection 301.4 of Title 6A of the District of Columbia Municipal Regulations.

*Id.*, Sec. 302 (b).

A member shall not engage in the business of providing private guards (officers) or special police officers to commercial establishments or other individuals within the District of Columbia, nor shall members directly or indirectly engage in the business of providing off-duty services of other members of the Department for police-related activities to those individuals or commercial establishments.

6A DCMR § 301.6 (2012).  *See also* MPD GENERAL ORDER 201.17, V., F., 1. (2004)

("No member shall engage in brokering outside employment") available at

https://go.mpdconline.com/GO/PER_201_17.pdf (accessed May 27, 2012).

14.     Brokering outside employment is defined as "any practice whereby one member of the Metropolitan Police Department acts as an intermediary, liaison, referral agent, consultant, or third-party provider of police-related outside employment between a current or potential outside employer and any other member of the Metropolitan Police

Department for the purpose of scheduling, coordinating, or any other similar activity."

D.C. ACT 13-334, Sec. 302 (a)(2).

## 2005 Legislation

15.     In 2005, the District of Columbia City Council amended a bill relating to emergency closures of liquor licensees to include a provision to permit licensees to enter into agreements for "MPD officers to patrol the surrounding area of an establishment for the purpose of maintaining public safety, including the remediation of traffic congestion and the safety of public patrons, during their approach and departure from the establishment".   D.C. CODE § 25-798 (a)(3); Emergency Suspension of Liquor Licenses Act of 2005, D.C. ACT 16-20.  This new code section provided for "compensation of the MPD by the licensee *when reimbursable details are requested by the licensee*."  D.C. CODE § 25-798 (a)(1) (emphasis added).

16.     No provision of the law made any participation in the reimbursable detail program mandatory, mirroring the language of the Public Congestion and Venue Protection Emergency Act of 2004.  D.C. ACT 15-452, 51 D.C. Reg. 6723 ("compensation of the MPD *when reimbursable details are requested by the venue operator*", emphasis added).  *See also* 23 DCMR § 718.1 ("A licensee… *may* enter into an agreement with MPD to provide for reimbursable detail", emphasis added); 23 DCMR § 718.5 ("ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail.")

## RELEVANT FACTS

17.     MPD charges businesses over $55 per hour for each officer employed on a Reimbursable Detail.

18.     $55 per hour is more than double than the base salary of an MPD officer.

19.     Such funds directly enrich MPD officers who are permitted to participate in the Reimbursable Details.

20.     ABRA is required to subsidize half the cost of Reimbursable Details, but does not because of ongoing funding problems.  *See* 59 D.C. REG. 166 (2012).

21.     ABRA makes no provision for reimbursement of details which occur on other than on Friday and Saturday nights. 58 D.C. REG. 7205.

22.     While on Reimbursable Details, MPD officers are under no obligation to remain at the establishment paying for the detail, and may respond to calls for service at other locations.

23.     While on Reimbursable Details, MPD officers cannot come into the premises of the establishment which is paying for the detail.  MPD Special Order 05-06, III., C.


## BEG Investments, LLC

24.     Plaintiff BEG Investments, LLC operates a restaurant located at 1123 H Street, NE known as Twelve Restaurant and Lounge.

25.     Such business affairs of BEG Investments, LLC affect interstate commerce.

26.     On June 22, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks issued an official Order of the ABRA Alcoholic Beverage Control Board ordering BEG Investments, LLC to "hire the MPD Reimbursable Detail whenever the establishment provides any entertainment permitted by the establishment's entertainment endorsement".  ABRA Order 2011-289 at 5.

27.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail."

28.     Such Order violated D.C. Code § 47-2820 by imposing a Reimbursable Detail upon BEG Investments, LLC at a rate of over $55 per hour per officer, more than double the basic daily wage rate of policemen.

29.     On July 6, 2011, BEG Investments, LLC moved for the Board to reconsider the June 22, 2011 Order.   ABRA Order 2011-368 at 2.

30.     On August 10, 2011, Defendants Alberti, Brooks, Nophlin and Silverstein ordered BEG Investments, LLC to "hire the MPD Reimbursable Detail whenever the establishment provides any DJs or live music as entertainment at the establishment. The MPD Reimbursable Detail shall be hired for a minimum of four hours and shall end no sooner than one hour after closing."  *Id*. at 3.

31.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail."

32.     Such Order violated D.C. Code § 47-2820 by imposing a Reimbursable Detail upon BEG Investments, LLC at a rate of over $55 per hour per officer, more than double the basic daily wage rate of policemen.

33.     On July 11, 2012, Defendants Miller, Alberti, Nophlin, Silverstein and Brooks fined BEG Investments, LLC $1,500 for failing to employ a Reimbursable Detail on October 9, 2011.  ABRA Order 2012-301 at 8.

34.     BEG Investments, LLC has paid thousands of dollars to MPD for a Reimbursable Detail since the June 22, 2011 Order.


**Allegations regarding non-parties germane to
demonstrating a pattern of racketeering activity by the Defendants.**

**Night and Day Management, LLC**

35.     Non-party Night and Day Management, LLC operates a nightclub located at 33 Patterson Street, NE and is known as Fur Factory or Fur Nightclub.

36.     Such business affairs of Night and Day Management, LLC affect interstate commerce.

37.     On July 27, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks conducted a Fact Finding Hearing, invoking their authority as members of the District of Columbia Alcoholic Beverage Control Board.

38.     Police Commander Daniel Hickson appeared at this Fact Finding Hearing and asserted in his capacity as an MPD Police Commander that Night and Day Management, LLC must employ four police officers in a Reimbursable Detail every night that the Fur Nightclub was open for business.

39.     Hickson made such assertion for the purpose of acting as an intermediary, liaison, referral agent, consultant, or third-party provider of police-related outside employment between a current or potential outside employer and any other member of the Metropolitan Police Department for the purpose of scheduling, coordinating, or any other similar activity.

40.     By soliciting Defendants Alberti, Jones, Silverstein, Nophlin and Brooks to impose a Reimbursable Detail upon Night and Day Management, LLC, Hickson violated the Omnibus Police Reform Amendment Act of 2000, 6A DCMR § 301.6 and MPD General Order 201.17.

41.     During the course of the Fact Finding Hearing, Hickson made various threats of official enforcement action if Night and Day Management, LLC did not comply with Hickson's demand that Night and Day Management, LLC pay for a Reimbursable Detail, including invocation of a 96 hour emergency closure of the Fur Nightclub under of D.C. Code § 25-827 (b).

42.     On August 17, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks ordered as follows:

> [Night and Day Management, LLC] must secure MPD Reimbursable Detail, commencing September 1, 2011, for each night that the Licensee is open to the public for business. For those nights that Reimbursable Detail is required; there must be a minimum of four officers, it must be present for a minimum of four hours and it must remain at the establishment for an additional 30 minutes after closing.

ABRA Board Order 2011-356 at 14.

43.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail."

9

44.     Such Order violated D.C. Code § 25-447, where Night and Day Management, LLC was never afforded prior notice of the potential imposition of such a Reimbursable Detail and no Show Cause Hearing was conducted by the Defendants.

45.     Such Order violated D.C. Code § 47-2820 by imposing a Reimbursable Detail upon Night and Day Management, LLC at a rate of over $55 per hour per officer, more than double the basic daily wage rate of policemen.  D.C. CODE § 47-2820 (b) requires that policemen assigned "at, on, and about the licensed premises for the protection of the public safety… shall be charged for by the hour at the basic daily wage rate of policemen and firemen so assigned in effect the first day of the month for which the permit is sought."  There is no provision that any higher rate may ever be charged, even if any portion is later reimbursed by any entity, including the District of Columbia Government.  *Id.*

46.     On October 26, 2011, Defendants Alberti, Nophlin and Brooks denied a request by Night and Day Management, LLC to stay the August 17, 2011 Order pending appeal, after Night and Day Management, LLC properly complained that the Defendants were without authority to demand that Night and Day Management, LLC pay for unwanted police services.

47.     Such Order remains in effect without modification to the present day.

48.     Night and Day Management, LLC subsequently appealed the Order to the District of Columbia Court of Appeals.  D.C. Court of Appeals number 11-AA-1153.

49.     On September 7, 2012, attorneys for the Defendants moved to remand the case back to them from the Court of Appeals solely for the purpose of avoiding meaningful adjudication of the unlawful imposition of these police services.

50.     Night and Day Management, LLC has paid thousands of dollars to MPD for a Reimbursable Detail since the August 17, 2011 Order.

## Inner Circle 1420, LLC

51.     Non-party Inner Circle 1420, LLC owns and operates a nightclub located at 1420 K Street, NW and is known as the Lotus Lounge.

52.     Such business affairs of Inner Circle 1420, LLC affect interstate commerce.

53.     On August 17, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks conducted another Fact Finding Hearing, again invoking their authority as members of the District of Columbia Alcoholic Beverage Control Board.

54.     Metropolitan Police Lieutenant William Fitzgerald appeared at this Fact Finding Hearing and asserted in his capacity as an MPD official that Inner Circle 1420, LLC that Inner Circle 1420, LLC must employ four police officers in a Reimbursable Detail every night that the Lotus Lounge was open for business.

55.     Fitzgerald made such assertion for the purpose of acting as an intermediary, liaison, referral agent, consultant, or third-party provider of police-related outside employment between a current or potential outside employer and any other member of the Metropolitan Police Department for the purpose of scheduling, coordinating, or any other similar activity.

56.     By soliciting Defendants Alberti, Jones, Silverstein, Nophlin and Brooks to impose a Reimbursable Detail upon Inner Circle 1420, LLC, Fitzgerald violated the

Omnibus Police Reform Amendment Act of 2000, 6A DCMR § 301.6 and MPD General

Order 201.17.

57.     On October 5, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and

Brooks issued an official Order of the Alcoholic Beverage Control Board, ordering as

follows:

> [Inner Circle 1420, LLC] must continue to secure MPD Reimbursable Detail for
> each night that that Licensee is open to the public for business.  For those nights
> that Reimbursable Detail is required; there must be a minimum of four officers, it
> must be present for a minimum of four hours and it must remain at the
> establishment for an additional 30 minutes after closing.

ABRA Board Order 2011-407 at 14.

58.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA

shall not be involved in determining the number of MPD officers needed to work a

reimbursable detail."

59.     Such Order violated D.C. Code § 25-447, where Inner Circle 1420, LLC

was never afforded prior notice of the imposition of such Reimbursable Detail and no

Show Cause Hearing was conducted by the Defendants.

60.     Such Order violated D.C. Code § 47-2820 by imposing a Reimbursable

Detail upon Inner Circle 1420, LLC at a rate of over $55 per hour per officer, more than

double the basic daily wage rate of policemen.

61.     On March 31, 2012, John M. Hedgecock wrote a memorandum

recommending that the number of MPD officers assigned to Inner Circle 1420, LLC's

Reimbursable Detail be increased.

62.     Such memorandum was provided to Defendants Alberti, Jones,

Silverstein, Nophlin and Brooks by Hedgecock.

63.     Such memorandum was provided to Defendants Alberti, Jones, Silverstein, Nophlin and Brooks by Hedgecock for the purpose of acting as an intermediary, liaison, referral agent, consultant, or third-party provider of police-related outside employment between a current or potential outside employer and any other member of the Metropolitan Police Department for the purpose of scheduling, coordinating, or any other similar activity.

64.     By soliciting Defendants Alberti, Jones, Silverstein, Nophlin and Brooks to increase the number officers required for the Reimbursable Detail imposed upon Inner Circle 1420, LLC, Hedgecock violated the Omnibus Police Reform Amendment Act of 2000, 6A DCMR § 301.6 and MPD General Order 201.17.

65.     On April 13, 2012, Martha Jenkins, asserting the official governmental authority of ABRA, wrote a letter to Inner Circle 1420, LLC's attorney and demanded that Inner Circle 1420, LLC secure and pay for the Reimbursable Detail ordered by Defendants Alberti, Jones, Silverstein, Nophlin and Brooks.

66.     Jenkins' demand to Inner Circle 1420, LLC was unlawful.  The demand violated, *inter alia*, 23 DCMR § 718.5, which expressly states "ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail."

67.     Also on April 13, 2012, E. Louise Philips produced a Notice of Status Hearing and Show Cause Hearing, invoking the official governmental authority of the District of Columbia Office of the Attorney General and initiating governmental enforcement action against Inner Circle 1420, LLC for failing to abide by the unlawful October 5, 2011 Order of Defendants Alberti, Jones, Silverstein, Nophlin and Brooks

compelling Inner Circle 1420, LLC to employ four MPD officers on the Reimbursable Detail.

68.     On June 1, 2012, Defendants Miller, Alberti, Jones, Silverstein, Nophlin and Brooks conducted a hearing regarding Inner Circle 1420, LLC's failure to abide by the unlawful October 5, 2011 Order.

69.     On that date, Defendants Miller, Alberti, Jones, Silverstein, Nophlin and Brooks, together with a now former member of the Board, invoking the governmental authority of ABRA, fined Inner Circle 1420, LLC and suspended the operation of Lotus Lounge for six days for Inner Circle 1420, LLC's failure to abide by the unlawful October 5, 2011 Order.

70.     The October 5, 2011 Order remains in effect without modification to the present day.

71.     Inner Circle 1420, LLC has paid thousands of dollars to MPD for a Reimbursable Detail since the October 5, 2011 Order.

**Bar 9, LLC**

72.     Non-party Bar 9, LLC is a limited liability company operating a nightclub located 1940 9th Street NW known as DC9.

73.     On December 1, 2010, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks, together with two now former members of the Board and invoking the governmental authority of ABRA, conducted a Summary Suspension Status Hearing in which Philips and Jenkins participated.

74.     Following the Summary Suspension Status Hearing, Defendants Alberti, Silverstein, Nophlin and Brooks, together with a former member of the Board, ordered Bar 9, LLC to "contract with MPD to secure a Reimbursable Detail for no fewer than two officers and no less than the hours of operation on any given night the club is open through January 19, 2011."  ABRA Board Order 2010-609 at 7.

75.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA shall not be involved in determining the number of MPD officers needed to work a reimbursable detail."

76.     Such Order violated D.C. Code § 47-2820 by imposing a Reimbursable Detail upon Bar 9, LLC at a rate of over $55 per hour per officer, more than double the basic daily wage rate of policemen.

## Guards, Inc.

77.     Non-party Guards, Inc. is a corporation operating a restaurant located at 2915 M Street NW known as The Guards.

78.     Sometime in August 2008, unknown members of the ABRA Board imposed a Reimbursable Detail upon Guards, Inc. for Friday and Saturday evenings between 11:00 p.m. and 3:00 a.m.  ABRA Board Order 2011-124.

79.     On January 28, 2011, Guards, Inc. petitioned the ABRA Board to terminate the imposition of the Reimbursable Detail upon it.

80.     On February 16, 2011, Defendants Alberti, Jones, Silverstein, Nophlin and Brooks, together with two now former members of the Board and invoking the

governmental authority of ABRA, denied Guards, Inc.'s request to terminate the

Reimbursable Detail. *Id.*

81.     Such Order violated 23 DCMR § 718.5, which expressly states "ABRA

shall not be involved in determining the number of MPD officers needed to work a

reimbursable detail."

82.     Such Order violated D.C. Code § 47-2820 by continuing to impose

Reimbursable Detail upon Guards, Inc. at a rate of over $55 per hour per officer, more

than double the basic daily wage rate of policemen.


## COUNT I

### Violation of 18 U.S.C. § 1962 (c)

83.     The allegations set forth in Paragraphs 1 through 82 above are referenced

and incorporated as if fully repeated herein.

84.     Each Defendant is a person as contemplated by 18 U.S.C. § 1962.

85.     The Reimbursable Detail program is an enterprise which affects interstate

commerce.

86.     Each Defendant has materially participated in such enterprise's affairs

through a pattern of racketeering activity, *to wit*:

   a.  By demanding payment to the Reimbursable Detail program without

   lawful authority, the Defendants have obtained the property of the Plaintiff and

   other non-parties with their consent, induced by wrongful use of, and under color

   of, official right, in violation of the Hobbs Act, 18 U.S.C. § 1951.

b.   The Defendants employed wrongful fear of economic harm to obtain the property of the Plaintiff and other non-parties, in violation of the Hobbs Act, 18 U.S.C. § 1951.

c.   The Defendants employed wrongful actual economic harm to obtain the property of the Plaintiff and other non-parties, in violation of the Hobbs Act, 18 U.S.C. § 1951.

d.   By demanding payment to the Reimbursable Detail program without lawful authority, the Defendants have obstructed, delayed, and affected commerce within the District of Columbia in violation of the Hobbs Act, 18 U.S.C. § 1951.

e.   The extortionate acts of the Defendants personally benefited private individual persons, specifically including unknown Metropolitan Police Department police officers employed in the Reimbursable Detail program.


**COUNT II**

**Violation of 18 U.S.C. § 1962 (d)**

87.   The allegations set forth in Paragraphs 1 through 86 above are referenced and incorporated as if fully repeated herein.

88.   Each of the Defendants has agreed with other person(s) to act together to violate the provisions of 18 U.S.C. § 1962 (c).

89.   Each of the Defendants has acted overtly in furtherance of the conspiracy.

90.   Such conspiracy violates 18 U.S.C. § 1962 (d).

## COUNT III

### Deprivation of Equal Protection of the Law

91.     The allegations set forth in Paragraphs 1 through 90 above are referenced and incorporated as if fully repeated herein.

92.     The Defendants have imposed upon the Plaintiff Reimbursable Details where no authority permits the Defendants to do so and District of Columbia law specifically prohibits such imposition.

93.     By imposition of the Reimbursable Details upon the Plaintiff but not all other similarly situated businesses, the Plaintiff has been deprived of equal protection of the laws.

## COUNT V

### Deprivation of Property Interests

94.     The allegations set forth in Paragraphs 1 through 93 above are referenced and incorporated as if fully repeated herein.

95.     The Plaintiff has been forced to pay for public policing services separate and apart from other business and property owners, services which it has already paid for in the form of substantial taxation.

96.     The Plaintiff has been forced to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.

97.     The Defendants have taken possession of the Plaintiff's property to pay for public policing services, without compensation to the Plaintiff.

98.     Such taking by the Defendants violates the Fifth Amendment of the United States Constitution.


## COUNT VI

### Deprivation of Liberty Interests

99.     The allegations set forth in Paragraphs 1 through 98 above are referenced and incorporated as if fully repeated herein.

100.     Regulations enacted for the purpose of restraining speech on the basis of content presumptively violate the First Amendment of the United States Constitution.

101.     Content-based regulation is lawful only if it is necessary to serve a compelling state interest and is narrowly drawn to achieve that end.

102.     The Plaintiff's establishment is not a public forum.

103.     The Plaintiff's establishment plays music.

104.     Where governmental actors have unlimited discretion to impose a Reimbursable Detail upon the Plaintiff, such that the discretion imposes burdens upon its establishment for playing certain types of music, it violates the First Amendment.


## COUNT VII

### Violation of 42 U.S.C. § 1985

105.     The allegations set forth in Paragraphs 1 through 104 above are referenced and incorporated as if fully repeated herein.

106.     The Defendants, as two or more persons, have conspired for the purpose of depriving the Plaintiff of the equal protection of the laws.

107.     The Plaintiff has been injured in its property as a direct and proximate cause of such conspiracy.


### Request for Declaratory and Injunctive Relief

108.     The allegations set forth in Paragraphs 1 through 107 above are referenced and incorporated as if fully repeated herein.

109.     The Plaintiff is entitled to declaratory relief under 28 U.S.C. § 2201(a) and other applicable law, wherein the Plaintiff asks this Court to declare the imposition of a Reimbursable Detail upon its establishments without its consent to be unlawful.

110.     The Plaintiff asks this Court to enjoin the Defendants from imposing such unlawful Reimbursable Details upon it.  The Plaintiff further asks the Court to direct the Defendants to return such money paid for previous Reimbursable Details imposed upon it.

111.     The Plaintiff further asks for a declaration that the imposition of a Reimbursable Detail upon it is unconstitutional.


**WHEREFORE**, the Plaintiff requests the Court to find the Defendants' actions to be unlawful and injurious to the Plaintiff.  The Plaintiff demands monetary damages exceeding twenty dollars, in an amount to be determined according to proof at trial, plus costs, interest and attorney's fees as provided by 18 U.S.C. § 1964 (c), 42 U.S.C. § 1988 and other applicable laws.   The Plaintiff further demands threefold damages as provided by 18 U.S.C. §1964 (c).

The Plaintiff further asks the Court to award such punitive damages as the Court finds necessary to appropriately punish the Defendants and deter similar misconduct in the future.

There being an insufficient remedy at law, the Plaintiff demands equitable relief.

The Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

_____

Matthew August LeFande
Attorney at Law PLLC
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiff
DC Bar #475995